IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>*ex rel* ERIKA SANDSTROM and ADRIENNE )<br>ISLA, *et al.*, )<br>)<br>   Plaintiffs, )<br> v. )<br>)<br>CHICAGO BOARD OF EDUCATION, *et al.*, )<br>)<br>   Defendants. ) | Case No. 12-CV-622<br><br>JURY TRIAL DEMANDED<br><br>Judge Charles Kocoras |

## MOTION TO DEEM FACTS ADMITTED AS AGAINST MARTA MATOS

Relators/Plaintiffs Erika Sandstrom and Adrienne Isla, by their attorneys Keith L. Hunt and Bradley E. Faber, hereby move that the Court to deem facts admitted as against Defendant Marta Matos pursuant to Fed. R. Civ. P. 36(a)(3), and state:

## I.
## INTRODUCTION

1. The Plaintiffs/Relators ("Plaintiffs") filed this lawsuit which includes claims under the Federal False Claims Act ("FCA") and Illinois False Claims Act against Defendant Marta Matos ("Matos").

2. Matos allegedly worked at Principal Dr. Asuncion Ayala's instruction to assist parents and students in filling out forms titled "CPS Household Application For Free And Reduced-Price Meals." (*See*, Doc. # 126, at ¶ 130(b)(i)-(ix)).

3. Plaintiffs allege that Matos altered forms or instructed parents of North Grand High School students to alter forms so as to misreport families' household income, the number of dependents in a household, and other information so as to make it appear that a family was eligible for the free and reduced price meal program. *Id*.

4. Plaintiffs allege Matos admitted as much when she was interviewed by the Chicago Public Schools Inspector General. *Id*.; *see also*, Ex. A, at p. 9 (indicating that Matos admitted to falsifying meal applications that the parents of some students submitted and that she did this "in order to improperly qualify the students for free and reduced-price meals.").

5. On June 8, 2019, Plaintiffs served "Plaintiffs' First Set Of Requests For Admission Of Fact And Genuineness Of Documents To Defendant Marta Matos" pursuant to Federal Rule of Civil Procedure 36 ("Rule 36"). (Ex. B - ("Plaintiffs' Rule 36 Requests")).

6. Plaintiffs' counsel confirmed Matos' address with her by phone prior to serving Plaintiffs' Rule 36 Requests. (Ex. C).

7. Plaintiffs confirmed that the Plaintiffs' Rule 36 Requests were delivered to the address Matos provided on June 13, 2018. (Ex. C(1)).

8. Matos has failed to respond to Plaintiffs' Rule 36 Requests.

## II.
## ARGUMENT

9. Pursuant to Rule 36(a)(3):

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

10. Where a party fails to timely respond to Rule 36 Requests, the Court should deem statements contained in that Request to Admit as admitted.

*See*, *e.g.*, *J&J Sports Prods. v. Banda*, 2009 U.S. Dist. LEXIS 41997, at *4 (N.D. Ill. Apr. 8, 2009)(Der-Yeghiayan, D.J.).

11. In *J&J Sports Prods*., the District Court deemed facts admitted where a party failed to respond to Rule 36 Requests within five (5) months.

12. With respect to Matos, more than a year has passed since she was served with Plaintiffs' Rule 36 Requests. She has failed to timely respond.

13. Accordingly, pursuant to Rule 36(a)(3), Plaintiffs' Rule 36 Requests to Matos should be deemed admitted.

## V.
## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request the Court grant Plaintiffs' Motion to Deem Facts Admitted as Against Marta Matos, and for such other relief that this Court deems equitable and just.

Respectfully Submitted,

/s/ *Bradley E. Faber (electronic signature)*
An Attorney for Plaintiffs/Relators

Keith L. Hunt
Bradley E. Faber
Hunt & Associates, P.C.
55 West Monroe, Suite 3600
Chicago, Illinois 60603

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of the foregoing Relators/Plaintiffs' Motion to Approve Settlements served to counsel for all parties of record, as listed below, via the Court's CM/ECF Electronic filing system on August 13, 2019.

United States Attorney's Office (NDIL)
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
USAILN.ECFAUSA@usdoj.gov

Robert A. Habib
Robert A. Habib Attorney at Law
77 W. Washington St., Suite 1507
Chicago, Illinois 60602
Robhabib77@gmail.com

Jerome F. Marconi, Jr.
Jerome F. Marconi & Associates
218 N. Jefferson St., Suite 300
Chicago, Illinois 60661
ijustdoit@ameritech.net

Stefani Markovic
The Markovic Law Firm, LLC
7066 W. Higgins Ave.
Chicago, Illinois 60656

Steven Earl Glink
Law Offices of Steven E. Glink
3338 Commercial Ave.
Northbrook, Illinois 60062
steve@educationrights.com

Paul J. Ciastko
Bd. of Ed. of the City of Chicago
125 S. Clark Street, Suite 700
Chicago, Illinois 60603

Carmen Cruz
3348 N. Kedvale
Chicago IL 60641

Hector Morales PC
Law Offices of Hector Morales,
Chicago, Illinois 60602
hectormoraleslaw@aol.com

Peter Carl Nabhani
Law Office of Peter Nabhani
77 W. Washington St., Suite 411
Chicago, Illinois 60602
pcnabhani@gmail.com

E. Lawrence Oldfield
oldfield@scomlaw.com

David M. Jenkins
The Jenkins Law Group, P.C.
135 S. LaSalle St., Suite 3300
Chicago, Illinois 60603

Jennifer A. Nabor
Laner, Muchin, Dombrow, Becker,
Levin and Tominberg, Ltd.
515 North State St., Suite 2800
Chicago, Illinois 60610

Richard D. Grossman
Law Offices of Richard D. Grossman
211 W. Wacker Dr., Suite 710
Chicago, Illinois 60606

Martha Matos
2325 N. Marmora
Chicago IL 60639

Digna Mercado
3131 N. Kenneth
Chicago IL 60641

/s/ *Bradley E. Faber (electronic signature)*
An Attorney for Plaintiffs/Relators